## WILLIAM GOLDRICH *v.* MICHAEL RYAN.

Where cattle are brought to market by a drover and are sold to a butcher to be slaughtered, if there be neither fraud nor express warranty, no warranty of soundness is implied, and the maxim, *caveat emptor*, applies. (*a*)

---

(*a*) See *Hyland* v. *Sherman*, 2 E. D. Smith, 234. In that case, it was held, that where, on a purchase of provisions, as merchandise to be sold again by the buyer, they are in a situation to be and are examined as fully as the buyer deems necessary, and there is no fraud, nor express warranty, nor representation amounting to a warranty, the maxim, *caveat emptor*, applies.

Accordingly, where cattle brought by a drover to the city of New York from a distant place and here sold to a butcher, were, upon being slaughtered, found to have been bruised on the journey; it was *held*, that in the absence of any proof of misrepresentation, concealment, or even knowledge of the injury sustained by the cattle, the vendor was not liable without an express warranty that no such defect existed.

THE defendant was a drover, residing at a distance from the city of New York, and sold to the plaintiff, who was a butcher, a number of beef cattle, to be slaughtered. The cattle having been brought to the city by railroad, were put up for sale in the usual manner, at a yard frequented by drovers and butchers. There was no fraud, and no express warranty. The beef, when prepared for consumption, proved to be bruised, bloody, and inferior in quality. The plaintiff thereupon brought this action in the Sixth District Court, and recovered a judgment for the difference in value, as appeared from the testimony, between sound cattle and those purchased at the sale in question. The defendant appealed.

*John B. Fogerty*, for the defendant, cited, *Hargous* v. *Stone*, 1 Selden, 86, and cases there cited; *Howard* v. *Hoey*, 23 Wend. 351; *Hart* v. *Wright*, 17 ib. 269; *S. C.*, 18 ib. 449; *Waring* v. *Mason*, ib. 433; *Moses* v. *Mead*, 1 Denio, 378.

*Arminius Aikin*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The general rule that on a sale of chattels, where there is neither fraud nor warranty, the maxim *caveat emptor* applies, has long since been well settled.

In this case there was no allegation of fraud nor pretence thereof; but the complaint is for an alleged breach of the contract of sale, and for money had and received. As the property was not returned to the defendant and the contract thereby rescinded, there could be no action to recover back the price as for money had and received.

The only ground of action was that the defendant had violated the contract of sale, and there being no express warranty, and no other part of the contract, whether expressed or implied, being in any sense broken, the only question was whether when a drover sells beef cattle to a butcher, he impliedly warrants that they are not bruised.

According to the testimony on both sides, the attention of both parties was called to the subject at the very time of the sale, and yet no affirmation or warranty by the vendor was required, or given; on the contrary, one of the defendant's witnesses testifies that when the defendant offered to sell the cattle for a sum a little higher than the price finally agreed upon, he offered to annex a condition that if the cattle did not turn out well he would make an abatement of five or ten dollars, and that the plaintiff declined, and in strong language replied that " when he bought cattle, he bought them just as they stood," and he after that purchased them at the price something less than the defendant proposed. If this evidence be taken as true, it would be little less than absurd to imply a warranty of their soundness.

But to recur to the question before stated, does a drover, bringing cattle to market, and selling to a butcher, impliedly warrant that they have not been bruised on the journey.

I think not, upon any principle now recognized as law in this state. The rule of the civil law that a sound price imported a warranty of a sound article, though to be found in some early decisions of the common law courts, was long since exploded in this state. And the doctrine that on a sale of provisions for domestic use a warranty of soundness is implied, if that be conceded, does not reach this case. Any such implication must be founded on a sort of necessity to protect the community who are unable to judge, families, servants, etc. etc., from injury by unwholesome food, for the protection of the public health, and upon the idea, also, that those who deal in provisions which they retail for consumption are presumed to know the quality and condition of what they sell, or act under a duty to know, which public policy in such case imposes upon them,

that the public health may be preserved, and hence the rule fails when the reasons fail, and on a sale of goods as mere merchandise, whatever may be their ultimate destination, no such rule applies.

I do not think it necessary to inquire here how far even this exception to the general rule can be sustained. It must suffice to say, that if it be correct it will not embrace this case. Here the sale was a sale of cattle as merchandise. Neither appear to have known of the defect. Indeed the plaintiff insists and endeavored to prove that the bruises could not be detected till the cattle were slaughtered. The subject was discussed so that the attention of both buyer and seller was called to the subject of bruises, and yet no warranty was required.

Under such circumstances, I have no hesitation in saying that the purchaser of the cattle took the risk, and that the judgment herein cannot be sustained. The cases of *Van Bracklin* v. *Fonda*, 12 J. R. 468; *Wright* v. *Hart*, 18 Wend. 449; *Moses* v. *Mead*, 1 Denio, 378; and *Hargous* v. *Stone*, 1 Selden, 85, 86, are found to support these views.

The judgment must be reversed with costs, and judgment ordered for the defendant.

Judgment reversed.